UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN L. TERHUNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00348-JMS-MPB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, Brian L. Terhune's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

On July 11, 2012, a grand jury indicted Mr. Terhune with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Terhune,* 1:12-cr-108-JMS-MJD-1, ("Crim. Dkt."), Crim. Dkt. 1. On July 29, 2013, Mr. Terhune petitioned to plead guilty, under Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 30 and 31.

The Court held a combined plea and sentencing hearing. Crim. Dkt. 40. During the plea colloquy, the Court reviewed with Mr. Terhune the indictment, penalties, trial rights, elements of the offense, and the sentencing factors. Crim. Dkt. 49 at pp. 5-20 (Transcript). Mr. Terhune specifically acknowledged that one of the elements of the offense was that he had been convicted of a felony. *Id.* at p. 8. This is consistent with his presentence investigation report which reflects a significant criminal history. In particular, in 2004, Mr. Terhune was convicted of felony robbery, sentenced to 14 years' imprisonment, served seven years, and violated his parole in this case. Crim. Dkt. 35 (Presentence Investigation Report ¶ 39).

The Court accepted Mr. Terhune's plea and adjudged him guilty as charged. The Court sentenced Mr. Terhune to 180 months in prison, the statutory minimum sentence, to be followed by five years of supervised release. *Id.* at p. 26.

On January 31, 2020, Mr. Terhune filed a motion to vacate his sentence under § 2255 and requesting counsel. The Court appointed counsel, who filed an amended § 2255 motion on June 18, 2020. On June 29, 2020, Mr. Terhune's counsel asked to withdraw her appearance and the Court granted her that request on June 30, 2020. Notwithstanding counsel's withdrawal from the case, Mr. Terhune maintains that pursuant to *Rehaif v. United Sates*, 139 S. Ct. 2191 (2019), he is actually innocent of the offense of conviction, because he did not know he was barred from

possessing of a firearm. In response, the United States argues that Mr. Terhune has procedurally defaulted that claim, and it is in all events meritless. Mr. Terhune did not file a reply.

### III. Discussion

Mr. Terhune argues that, in light of *Rehaif*, his plea must be vacated because he was not advised of a key element of his offense. Specifically, Mr. Terhune was not informed that knowledge of his prohibited status under § 922(g) was an element of his offense, and the failure to advise Mr. Terhune of this element renders his plea constitutionally ineffective, since it was not intelligently and voluntarily made. The United States contends that Mr. Terhune has procedurally defaulted this claim and that, notwithstanding default, Mr. Terhune is not entitled to relief because he cannot establish a reasonable doubt that he was unaware of his status as a convicted felon.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the United States' burden includes proving beyond a reasonable doubt that Mr. Terhune knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020). However, when a defendant seeks to invalidate his guilty plea on the basis of a *Rehaif* error, "the burden of persuasion rests on the defendant." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id.*

Mr. Terhune has not shown a reasonable probability that he would not have pleaded guilty. In 2004, Mr. Terhune was convicted of felony robbery, sentenced to 14 years' imprisonment, and served seven years in custody prior to his release on parole. Someone who has served more than a year in prison "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year." *Williams*¸ 946 F.3d at 973. Additionally, the presentence investigation report identified several other prior felony convictions in the discussion of Mr. Terhune's criminal history. In light of Mr. Terhune's criminal history, he cannot genuinely argue now that he would not have pleaded guilty had he known about the knowledge of status element discussed in *Rehaif*.

Because he cannot establish a reasonable probability that he would not have pleaded guilty, Mr. Terhune is not entitled to habeas relief under § 2255.

### IV. Conclusion

For the reasons explained in this Order, Mr. Terhune is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in 1:12-cr-108-JMS-MJD-1.** The motion to vacate, dkt. [48], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Terhune has failed to show that

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Date: 11/1/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRIAN L. TERHUNE
11171-028
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 5000
Greenville, IL 62246

All Electronically Registered Counsel